UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MOHAMED ABDALLA MAHMOUD,

Plaintiff,

v.

HOLZ JEFFERY, et al.,

Defendants.

Case No. 3:25-cv-00040-ART-CLB

ORDER REOPENING CASE

Plaintiff Mohamed Abdalla Mahmoud, who is in the custody of the Nevada Department of Corrections, brought this civil-rights action under 42 U.S.C. § 1983. The Court screened Plaintiff's complaint under 28 U.S.C. § 1915A, found some colorable claims, and granted Plaintiff leave to file an optional amended complaint curing the deficiencies of other claims. (ECF No. 6.) About two weeks later, Plaintiff filed a motion to dismiss this case without prejudice (ECF No. 7), which took effect upon filing under Federal Rules of Civil Procedure 41(a)(1)(A)(i) because no answer or motion for summary judgment had been filed. The Court entered an order acknowledging the voluntary dismissal and closing the case. (ECF No. 8.) About two months later, Plaintiff filed a motion to reopen this case under 18 U.S.C. § 1512 "and any other applicable rules the Court deem[s] properly appropriate." (ECF No. 10 at 4.)

The Court now construes this motion to seek relief under Federal Rule of Civil Procedure 60(b), grants the motion, and reopens the case. This ruling returns the case to the posture it was in at the time of voluntary dismissal, meaning that Plaintiff has 30 days from the date of this order to file an optional amended complaint. Otherwise, this case will proceed immediately on the colorable claims found in the Court's screening order. (*See* ECF No. 6.)

1

## I.    DISCUSSION

Title 18 U.S.C. § 1512 is a federal criminal statute that does not provide a basis to reopen a civil case. However, Federal Rule of Civil Procedure 60(b) permits a court to relieve a party "from a final judgment, order, or proceedings" in certain circumstances. And the Supreme Court recently held that a voluntary dismissal under Rule 41(a) counts as a "final proceeding" and thus allows for the possibility of relief under Rule 60(b). *Waetzig v. Halliburton Energy Servs., Inc.*, 604 U.S. 305, 307, 311–12 (2025). Given Plaintiff's *pro se* status, the Court liberally construes his motion to reopen as seeking relief under Rule 60(b).

Plaintiff requests to reopen this case because, at the time of his voluntary dismissal, he was in the infirmary or on suicide watch being subjected to misconduct by staff. (*See* ECF No. 10 at 1–4.) Plaintiff supports this assertion with his own sworn declaration. (*Id.* at 6–7.) And Plaintiff argues that, if he is forced to refile this case anew rather than reopen it, then his claims may be barred by the two-year statute of limitations. (*Id.* at 3–4.) The Court finds these arguments to be properly addressed under Rule 60(b)(6).

Courts "use Rule 60(b)(6) 'sparingly as an equitable remedy to prevent manifest injustice.'" *Lal v. California,* 610 F.3d 518, 524 (9th Cir. 2010) (quoting *United States v. Alpine Land & Reservoir Co.,* 984 F.2d 1047, 1049 (9th Cir. 1993)). Relief is available under Rule 60(b)(6) only where the grounds enumerated in Rule 60(b)(1) through (5) do not apply. *See BLOM Bank SAL v. Honickman,* 605 U.S. 204, 211 (2025); *id.* at 210 (summarizing these grounds as "mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment"). The Court makes no findings regarding the alleged actions of prison staff around the time of Plaintiff's voluntary dismissal, but for four primary reasons, the Court exercises its discretion to grant Plaintiff relief under Rule 60(b)(6).

First, from the substance of Plaintiff's voluntary dismissal motion and subsequent motion to reopen, it appears that Plaintiff was isolated in an infirmary setting suffering from serious physical and/or mental illness at the time of voluntary dismissal. (*See* ECF No. 7 at 1 (motion to voluntarily dismiss stating that Plaintiff is "suffering serious physical and mental disabilities"); ECF No. 10 at 6 (declaration stating that Plaintiff attempted suicide while he was in the infirmary).) Suffering from serious illness in this manner is one factor that may support relief under Rule 60(b)(6). *See BLOM*, 605 U.S. at 211–12 (discussing *Klapprott v. United States*, 335 U.S. 601 (1949), which found a movant entitled to relief under Rule 60(b)(6) where he was unable to defend himself due to being incarcerated, ill, without counsel, and "disturbed and fully occupied in efforts to protect himself against" criminal charges in separate proceedings).

Second, Plaintiff was reasonably diligent in moving to reopen this case after his release from an isolated infirmary setting. (*See* ECF No. at 6 (declaration establishing that Plaintiff filed the motion about a month after leaving "isolation lockdown")); Fed R. Civ. P. 60(c)(1) (providing that motions "under Rule 60(b) must be made within a reasonable time").

Third, it appears that Plaintiff's concern about the statute of limitations may be well-founded, as the colorable claims found in the Court's screening order are based on alleged events that occurred in 2022 or 2023. (*See* ECF No. 6 at 4–7, 12–13 (due process claim based on alleged 9-month placement in administrative segregation beginning in 2022); *id.* at 16–23 (conditions of confinement, equal protection, and ADA claims arising from alleged bathroom access issues in 2022); *id.* at 23–25 (retaliation claim based on alleged events in 2022); *id.* at 32–37 (retaliation, excessive force, and equal protection claims arising from grievances and alleged use of force in March 2023); *id.* at 38–40

(free-exercise and RLUIPA claims based on alleged events in 2022 and 2023)); *Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) (citations omitted) (explaining that the statute of limitations for § 1983 claims in Nevada is two years).

Fourth, the Ninth Circuit has held that a Rule 60(b)(6) movant must "establish the existence of extraordinary circumstances which prevented or rendered him unable to prosecute an appeal." *Mackey v. Hoffman*, 682 F.3d 1247, 1251 (9th Cir. 2012) (quoting *Martella v. Marine Cooks & Stewards Union, Seafarers Int'l Union of N. Am., AFL–CIO*, 448 F.2d 729, 730 (9th Cir. 1971)). And the Ninth Circuit has also held that "a 'voluntary dismissal *without prejudice*"— as took effect here—"is ordinarily *not* a final judgment from which the plaintiff may appeal.'" *Galaza v. Wolf*, 954 F.3d 1267, 1270 (9th Cir. 2020) (quoting *Concha v. London*, 62 F.3d 1493, 1507 (9th Cir. 1995)).

In sum, there is some evidence that (1) Plaintiff suffered from serious physical and/or mental illness in isolation at the time of voluntary dismissal, (2) Plaintiff moved to reopen this case within a reasonable time after being released from isolation, (3) the statute of limitations may bar Plaintiff from refiling the colorable claims already found to exist in this case, and (4) leaving the voluntary dismissal in effect may prevent Plaintiff from prosecuting an appeal. The Court therefore finds that the interests of justice support reopening this case under Rule 60(b)(6). *See Klapprott*, 335 U.S at 614–15 (stating that Rule 60(b)(6) empowers courts to act when "such action is appropriate to accomplish justice").

Upon its reopening, this case will return to the posture it was in at the time of voluntary dismissal. Therefore, as stated in the Court's screening order, Plaintiff has 30 days from the date of this order to file an optional amended complaint. (*See* ECF No. 6 at 42, 47.) If Plaintiff chooses not to file an amended complaint by that date, this action will proceed immediately on the colorable

claims outlined in the Court's screening order. (*Id.*)

## II.   CONCLUSION

It is therefore ordered that Plaintiff's motion to reopen (ECF No. 10), construed as a motion for relief under Federal Rule of Civil Procedure 60(b)(6), is granted.

The Clerk of Court is kindly directed to reopen this case.

The Clerk of Court is further directed to update Plaintiff's address to High Desert State Prison, as provided in his most recent filing. (*See* ECF No. 10 at 1.)

It is further ordered that, if Plaintiff chooses to file an amended complaint curing the deficiencies outlined in the Court's screening order (ECF No. 6), he will file the amended complaint within 30 days of the date of this order.

The Clerk of Court is further directed to send Plaintiff the approved form for filing a § 1983 complaint and instructions for the same. If Plaintiff chooses to file an amended complaint, he will use the approved form and write the words "First Amended" above the words "Civil Rights Complaint" in the caption.

It is further ordered that, if Plaintiff chooses to file an amended complaint, the Court will screen it in a separate screening order, and the screening process may take many months.

It is further ordered that, if Plaintiff chooses not to file an amended complaint within 30 days of the date of this order, this action will proceed immediately on the colorable claims outlined in the screening order (ECF No. 6).

DATED: February 19, 2026.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE